United States District Court
Southern District of Texas
FILED

SEP 1 6 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA,           §
    Respondent–Plaintiff            §
                                    §
vs.                                 §    CA B–04–094
                                    §
RENE RUIZ–RUIZ,                     §
    Petitioner–Defendant            §
    ( CR B–03–248)                  §

### GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

I.

The Court ordered the Government to respond to Petitioner's, Rene Ruiz-Ruiz' (hereinafter referred to as Ruiz) 28 U.S.C. §2255 motion filed on June 8, 2004 by September 16, 2004.  The Government moves to dismiss and, in the alternative, moves for summary judgment.

II.

Rene Ruiz-Ruiz (hereinafter Ruiz) was indicted in the United States District Court for the Southern District of Texas, Brownsville Division, Criminal Case No. B-03-248, and charged with a violation of 8 U.S.C. § 1326(a) and (b)(2): Ruiz was an alien who had been deported from the United States and who was found in the United States without having applied to the Attorney General of the United States for permission to enter the United States (PSR § 1, 2).

On May 19, 2003, Ruiz entered a plea of guilty (PSR 4).  The district court accepted Ruiz' plea, found him guilty, ordered the preparation of a pre-sentence

investigation report (PSR), and set the case for sentencing.    Applying the maximum statutory sentence of 20 years on the basis of Ruiz' pre deportation conviction of an aggravated felony, the court imposed Ruiz' sentence on August 5, 2003: Ruiz was remanded into the custody of the Bureau of Prisons to serve a 51-month term of imprisonment that was to be followed by a three-year term of supervised release (DOC. 25).  The judgment of conviction and sentence was entered on August 13, 2003 (DOC. 26).  Ruiz timely filed his notice of direct appeal (DOC. 27).  Ruiz appealed on *Apprendi* grounds.  On the basis of a motion for summary affirmance, the 5th Circuit issued the mandate on May 13, 2004, affirming Ruiz' conviction and sentence in an unpublished opinion in 03-41150 (DOC 33).

On June 8, 2004, Ruiz filed the instant motion (1 R. 1).

### III.

The instant pleading is timely.

### IV.

The Government denies each and every allegation of fact made by Ruiz except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

### V.

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §2255 (eff. April 24, 1996).  Ruiz is currently incarcerated in federal

custody. He seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2255 from his conviction in the Corpus Christi Division of the Southern District of Texas. A § 2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 234 F.3d 277, 279 (5th Cir. 2000) (citation omitted). Relief under a §2255 motion "is warranted for errors that occurred at trial or sentencing." *Id.* He seeks relief from his conviction and sentence, and the relief sought under §2255 is appropriate.

The four grounds justifying relief under 28 U.S.C. §2255 are: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack". 28 U.S.C. § 2255 (2000). Thus, motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)(citations omitted); *see Davis v. United States*, 417 U.S. 333, 346 , 94 S.Ct. 2298, 2305 (1974); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962).

A "'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 233 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 167–168, 102 S.Ct. 1584, 1594 [1982]). Once the direct review

process has been terminated, a presumption of finality attaches and the conviction is reviewable only on issues of constitutional or jurisdictional magnitude. *Shaid*, 937 F.2d at 232 (citing *Hill*, 368 U.S. at 428, 82 S.Ct. at 471). If a claim of constitutional or jurisdictional dimension is raised, it is reviewable for the first time on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice. *Id.* On the other hand, "[n]onconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994).

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. § 2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, such as a credibility analysis, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

VI.

ALLEGATIONS

Ruiz alleges his constitutional rights were violated due to a prior deportation without a hearing, and the government's failure to warn Ruiz not to re-enter the

4

United States, which violated the Due Process Clause of the 5th Amendment, an involuntary plea and ineffective assistance of counsel.

1.  Ruiz' plea was involuntary due to the fact that counsel suggested his sentence would be approximately three years, instead of the 51 months he received.

2.  His trial counsel was ineffective in four different manners:

    a.  Failed to challenge the constitutionality of Ruiz' underlying deportation.

    b.  Failed to defend the criminal case on scienter grounds, as Ruiz had not been warned not to return to the United States.

    c.  Coerced Ruiz to plead guilty based on assurances of a sentence less than that received.

VII.

RUIZ' BURDEN

Ruiz' first hurdle is that of "cause and prejudice". *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1977)(holding "plain error" incorrect standard for §2255and requiring "cause and prejudice" standard).  Ruiz must first show cause that would excuse his failure to raise his substantive claims on direct appeal and actual prejudice from the error that he now alleges.  Contrary to Ruiz' claims, he prosecuted a direct appeal on grounds other than those he pursues herein.  Ruiz does not assert ineffective assistance of appellate counsel.  Failure to demonstrate

5

ineffective assistance on direct appeal otherwise renders Ruiz' instant motion subject to dismissal pursuant to Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers insufficient cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231–32 and n.7 (5th Cir. 1991) (en banc) (constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation is alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 [5th Cir. 1992] which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include: (1) interference by officials that makes compliance with the procedural rule impracticable; (2) a showing that the factual or legal basis for the claim was not reasonably available to [the Petitioner] at the prior occasion; and (3) ineffective assistance of counsel in the constitutional sense." *Id.*

6

Ruiz alleges that he suffered "prejudice" as a result of the claimed errors in the district court in that his charge was defensible on the grounds his deportation was fatally flawed as unconstitutional and that Ruiz did not possess the necessary scienter for commission of the crime of conviction. Further, (inferentially) that he would not have plead guilty had he been aware he could receive more than the three year sentence he was led to expect.

To avoid the consequences of a dismissal by applying the fundamental-miscarriage-of-justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that he did not commit the crime of conviction. *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider his claim will result in his continued incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*). Ruiz does not demonstrate he is innocent. Because Ruiz cannot demonstrate that his deportation proceeding would have likely had a different outcome if he was afforded the opportunity to put his deportation to a hearing, any assertion of innocence regarding this claim fails. *United States v. Mendoza-Mata*, 322 F.3d 829, 834-35 (5th Cir. 2003). As detailed below, his defense based upon insufficient scienter is contrary to applicable jurisprudence, and so fails to

demonstrate innocence.  Ruiz fails to satisfy the "prejudice" prong of his "cause and  prejudice" burden as to his substantive claims herein.

However, his instant "Ineffective assistance" claims may be brought for the first time on collateral review, without regard to the burden of cause and prejudice. *Massaro v. United States,* 123 S.Ct. 1690 (2003).

A.    INEFFECTIVE ASSISTANCE

1. Legal Principles Governing Ineffective Assistance.

Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard:   "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 471, 120 S.Ct. 1029, 1034 (2000).  To succeed on such a claim, a petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 1064.  The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples,* 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

In order to succeed on this claim, Ruiz must establish that trial counsel's actions, "fell below an objective standard or reasonableness" and that 'but for'

8

such unprofessional errors the outcome would have been different. *Samples*, 897 F.2d at 196. Ruiz fails in both regards.

To prevail on his claims, Ruiz must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of trial. To this end, the court will indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable". *Id.* at 690.

The burden falls on the accused to prove a violation of constitutional standards. The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039 (1984).

a. At the plea stage.

"Effective assistance" requires counsel to provide meaningful advice on the facts and law applicable to a plea agreement. *United States v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001); *United States v. French*, 719 F.2d 387, 389 (11th Cir. 1983). "While it need not be errorless, counsel's advice must be within the realm

9

of competence demanded of attorneys representing criminal defendants". *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993). In the context of a guilty plea, Ruiz must demonstrate that, but for counsel's errors, he would not have plead guilty and would have gone to trial. *Id.* citing *Hill*, 474 U.S. at 59.

Even if Ruiz demonstrates that his counsel provided constitutionally infirm representation, Ruiz must also demonstrate prejudice. As discussed below, Ruiz wholly fails to demonstrate that counsel's performance fell below an objectively reasonable standard of performance or that he was prejudiced thereby.

B.    INVOLUNTARY PLEA

1. Legal Principles Governing Involuntary Plea.

Ruiz alleges his plea of guilty was involuntary. Ruiz inferentially claims that, had he been aware that he could be sentenced to more than the three years counsel assured him he would receive, he would not have plead guilty.

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000),*cert.denied*,532 U.S.1067, 121S.Ct.2220 (2001). The terms "voluntary" and "knowing" are frequently used interchangeably, although, strictly speaking, the terms embody different concepts. Compare 1A Charles Alan Wright, FEDERAL PRACTICE and PROCEDURE §172, 142–44 (3d ed.1999)(stating a plea of guilty is not voluntary if it is induced by threats, misrepresentation, unfulfilled promises, or promises of an improper nature), with *Id.* §173, 171–73 (stating that a plea is not

10

knowing unless, among other things, defendant understands "what the maximum possible penalty is, including any potential fine and the effect of any special parole or supervised release term"). *United States v. Hernandez*, 234 F.3d 252, 254–55 (5th Cir. 2000).  To be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence." See *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709 (1969).  The defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur.  See *Trujillo v. United States*, 377 F.2d 266, 266 (5th Cir. 1967).

     2.  Factual Basis of Involuntary Plea Claim and Argument

Ruiz' factual claims are contradicted by the record.  The thrust of Ruiz' claims is that he did not understand that he could receive more than three years imprisonment.

The record belies Ruiz' factual claims.  See affidavit of counsel directly contradicting Ruiz' factual assertions  (Attachment A).  Additionally  During the plea proceedings, the U.S. district court obtained an assurance from Ruiz and counsel that Ruiz had discussed with counsel the nature of the charges and consequences of pleading guilty (Rearraignment p. 65).  Ruiz did not contradict this claim.   In fact Ruiz swore that he was satisfied with the advice and legal explanations from counsel (Rearraignment p. 64). Ruiz confirmed that no one had "coerced" him into pleading guilty, or promised him anything to convince him to

plead guilty (Rearraignment p. 63).    Counsel for Ruiz volunteered that "I did promise him that I would fight those points on sentencing. But as far as making promises as to what the sentence would be, I did not" (Rearraignment p. 63).   Ruiz did not contradict his counsel.   The government  described the count to which Ruiz was pleading (Rearraignment p. 71).   The district court reminded Ruiz the count to which he was pleading involved his illegal entry after deportation, to which Ruiz confirmed understanding (Rearraignment p. 66).   R u i z   s w o r e   h e understood the charge (Rearraignment p. 71). The court notified Ruiz that he could be imprisoned for up to 20 years (Rearraignment p. 66).    Ruiz swore he understood the maximum term of imprisonment (Rearraignment p. 66).

Finally, the court explained the application of relevant conduct within the sentencing guidelines, including the application of an aggravated felony conviction (Rearraignment p. 74–75).  Ruiz swore that he understood the concept of relevant conduct (Rearraignment p. 75).   The district court even allowed Ruiz to review a PSR of another like–situated defendant as a sample Rearraignment p. 57, 58).

The court found that Ruiz' understood the maximum sentence and that the plea was knowing and voluntary (Rearraignment p. 74–75).   The court further alerted Ruiz to the mechanics of objecting to the Pre–sentence report (Rearraignment p. 66, 67, 74–75).  Prior to the instant motion, Ruiz did not object claim that his plea was involuntary as coerced by an assurance of a lesser sentence than received.

12

The record, thus, demonstrates that Ruiz entered his plea voluntarily and that his contention that his plea was not voluntary does not entitle him to §2255 relief. *United States v. Drummond*, 910 F.2d 284, 285-86 (5th Cir. 1990)(although no 'direct' evidence on point, record contained 'conclusive' evidence that plea was voluntary obviating need for hearing); See *Diggs v. United States*, 447 F.2d 460 (5th Cir. 1971). Should the court find Ruiz has satisfied the 'cause and prejudice' hurdle as to this issue, and reaches the substance of this claim, Ruiz fails to demonstrate a violation of constitutional dimension.

C.    INSUFFICIENT EVIDENCE OF SCIENTER

1.    Legal Principles Governing Scienter

The crime for which Ruiz was convicted, illegal re-entry following deportation in violation of 18 U.S.C. §1326(a) & (b) is a general intent crime. *United States v. Berrios-Centeno*, 250 F.3d 294, 298 (5th Cir. 2003). A general intent mens rea under § 1326, then, merely requires that a defendant reenter the country voluntarily. This general intent requirement serves the limited purpose of preventing one from being liable under § 1326 if he crossed the border involuntarily. Id. , *United States v. Guzman-Ocampo*, 236 F.3d 233, 237 (5th Cir. 2003).

2.    Factual Basis of Ruiz' Claim and Argument

Ruiz claims that the I.N.S. agent who obtained his waiver of deportation hearing never warned Ruiz that Ruiz could not return to the United States or that

he would face severe punishment if he did so. Ruiz argues that such omission precluded his instant conviction on due process grounds and alternatively provided a ready defense to the instant charge.

However, as the above legal discussion makes clear, the government does not have to offer evidence that Ruiz ignored direct warnings from government agents not to re-enter the United States in order to obtain a conviction for the instant crime, nor does it constitute a defense to it. The United States only has to demonstrate that Ruiz entered voluntarily. Even if the government had the burden espoused by Ruiz, the record suggests Ruiz had sufficient warning to alert him not to re-enter. The government deported him in 2002. At the time of deportation, Ruiz was served with a "Warning to Alien Ordered Removed or Deported" (Attachment B). The warning, bearing Ruiz' signature, alerts Ruiz he can never return to the United States.

Should the court find Ruiz has satisfied the 'cause and prejudice' hurdle as to this issue, and reaches the substance of this claim, Ruiz fails to demonstrate a violation of constitutional dimension.

D.    UNINTELLIGENT WAIVER OF DEPORTATION HEARING

    1.   Legal Principles Governing Waiver

Aliens who have entered the United States unlawfully are assured the protection of the Fifth Amendment due process clause. *United States v. Benitez-Villafuerte*, 186 F.3d 651, 656 (5th Cir. 1999), *Nose v. Attorney General*

14

*of the United States*, 993 F.2d 75, 78 (5th Cir.1993); *Haitian Refugee Center v. Smith*, 676 F.2d 1023, 1036 (5th Cir.1982). The due process clause forbids the state from "arbitrarily ... causing an alien who has entered the country ... illegally to be taken into custody and deported without giving him all opportunity to be heard upon the questions involving his right to be and remain in the United States." *Yamataya v. Fisher*, 189 U.S. 86, 101, 23 S.Ct. 611, 614–15 (1903). Courts have recognized that the constitutional sufficiency of procedures required by due process varies with the circumstances of each individual case. *Landon v. Plasencia*, 459 U.S. 21, 33, 103 S.Ct. 321 (1982), Generally, the right to due process includes the right to a hearing before an immigration judge prior to deportation. *Nose*, 993 F.2d at 79. Nevertheless, due process rights, including the right to a hearing, may effectively be waived. *Boddie v. Connecticut*, 401 U.S. 371, 378–79, 91 S.Ct. 780, 786 (1971)(holding "the hearing required by due process is subject to waiver").

A deportation hearing is a civil, not a criminal, action. *Prichard-Ciriza v. I.N.S.*, 978 F.2d 219, 222 (5th Cir.1992) (citing *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1038–39, 104 S.Ct. 3479 (1984). As such, the full range of constitutional protections available to a defendant in a criminal case are not afforded an alien in a deportation proceeding. Id.; *Patel v. U.S. I.N.S.*, 803 F.2d 804, 806 (5th Cir.1986) (citations omitted); *Ramirez-Osorio v. I.N.S.*, 745 F.2d 937, 944 (5th Cir.1984) (citations omitted). "The power to expel aliens is essentially a power of the political branches of government, which may be exercised entirely through executive

15

officers, with such opportunity for judicial review of their action as Congress may see fit to authorize or permit." *Carlson v. Landon* 342 U.S. 524, 537, 72 S.Ct. 525 (1952) (citations omitted). Although in some contexts, Congress has statutorily provided for the judicial review of deportation hearings, such review is not guaranteed by the Constitution. *Carlson*, 342 U.S. at 537, 72 S.Ct. 525 (citations omitted). The Supreme Court has made it clear that due process requires only that an alien be provided notice of the charges against him, a hearing before an executive or administrative tribunal, and a fair opportunity to be heard. *Kwong Hai Chew v. Colding*, 344 U.S. 590, 597-98, 73 S.Ct. 472 (1953).

Under certain circumstances, an alien who is being prosecuted under § 1326 can assert a challenge to the underlying deportation order. See *United States v. Mendoza-Lopez*, 481 U.S. 828, 839, 107 S.Ct. 2148 (1987). In order successfully to collaterally attack a deportation order in a § 1326 prosecution, the alien must show (1) that the deportation hearing was fundamentally unfair, (2) that the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the deportation, and (3) the procedural deficiencies caused him actual prejudice. See *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (2002), *cert. denied*, 537 U.S. 1135, 123 S.Ct. 922 (2003), *United States v. Palacios-Martinez*, 845 F.2d 89, 91 (5th Cir.1988), *Estrada-Trochez*, 66 F.3d at 735; quoting *United States v. Encarnacion-Galvez*, 964 F.2d 402, 406 (5th Cir.1992). If the alien fails to establish one prong of his challenge, the others need

16

not be considered. See *United States v. Lopez–Vasquez*, 227 F.3d 476, 485 (5th Cir.2000). In 1996, Congress effectively codified *Mendoza–Lopez* in 8 U.S.C. § 1326(d), which provides:

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) of this section unless the alien demonstrates that:
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceeding at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. (Emphasis added.)

The law is clearly established that a showing of actual prejudice is required to succeed in such a collateral attack. *Benitez–Villafuerte*, 186 F.3d 656–59, *United States v. Encarnacion–Galvez*, 964 F.2d 402, 409 (5th Cir.1992), *United States v. Estrada–Trochez*, 66 F.3d 733, 735 (5th Cir.1995). A showing of prejudice means "there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported." Id. In short, "[i]f the defendant was legally deportable and, despite the INS's errors, the proceeding 'could not have yielded a different result,' the deportation is valid for purposes of section 1326." *United States v. Galicia–Gonzalez*, 997 F.2d 602, 603 (9th Cir.1993). "The role of the judiciary is limited to determining whether the procedures meet the essential standard of fairness under the Due Process Clause and does not extend to

imposing procedures that merely displace congressional choices of policy."
*Landon*, 459 U.S. at 34, 103 S.Ct. 321.

Aliens who re-enter illegally after conviction for an aggravated felony, like
Ruiz, are subject to expedited removal. *United States v. Hernandez-Vermudez*,
356 F.3d 1011, 1014 (9th Cir. 2004). In enacting the Illegal Immigration Reform
and Immigrant Responsibility Act of 1996 (IIRIRA), Congress intended to expedite
the removal of criminal aliens. *Taniguchi v. Schultz*, 303 F.3d 950, 958 (9th
Cir.2002); see also *Zhang v. INS*, 274 F.3d 103, 108 (2d Cir.2001) ("[i]t is beyond
cavil that one of Congress's principal goals in enacting IIRIRA was to expedite the
removal of aliens who have been convicted of aggravated felonies."); H.R. Conf.
Rep. No. 104-828, at 215 (1996); H.R.Rep. No. 104-469(I), at 12, 107, 118-25
(1996).

The expedited removal procedure of 8 C.F.R. §328(b), complies with
procedural due process guaranteed by the constitution. Section 1228 expressly
provides that in carrying out the expedited removal procedures, the Attorney
General shall provide that--

> (A) the alien is given reasonable notice of the charges and of the
> opportunity described in subparagraph (C);
> (B) the alien shall have the privilege of being represented (at no
> expense to the government) by such counsel, authorized to practice
> in such proceedings, as the alien shall choose;
> (C) the alien has a reasonable opportunity to inspect the evidence and
> rebut the charges;
> (D) a determination is made for the record that the individual upon
> whom the notice for the proceeding under this section is served
> (either in person or by mail) is, in fact, the alien named in such notice;

18

(E) a record is maintained for judicial review; and
(F) the final order of removal is not adjudicated by the same person who issues the charges.

§ 1228(b)(4). See also 8 C.F.R. § 238.1[1]. The statute further instructs that the

Attorney General may not execute any final order of removal until 14 calendar days

have passed from the date that such order was issued, unless waived by the alien,

---

[1]    8 C.F.R §238b) Preliminary consideration and Notice of Intent to Issue
a Final Administrative Deportation Order; commencement of proceedings--

(1) Basis of Service charge. An issuing Service officer shall cause to be served
upon an alien a Form I-851, Notice of Intent to Issue a Final Administrative
Deportation Order (Notice of Intent), if the officer is satisfied that there is
sufficient evidence, based upon questioning of the alien by an immigration
officer and upon any other evidence obtained, to support a finding that the
individual:

(i) Is an alien;

(ii) Has not been lawfully admitted for permanent residence, or has conditional
permanent resident status under section 216 of the Act;

(iii) Has been convicted (as defined in section 101(a)(48) of the Act and as
demonstrated by any of the documents or records listed in § 3.41 of this
chapter) of an aggravated felony and such conviction has become final; and

(iv) Is deportable under section 237(a)(2)(A)(iii) of the Act, including an alien
who has neither been admitted nor paroled, but who is conclusively presumed
deportable under section 237(a)(2)(A)(iii) by operation of section 238(c) of the
Act ("Presumption of Deportability").

(2) Notice.

(i) Removal proceedings under section 238(b) of the Act shall commence upon
personal service of the Notice of Intent upon the alien, as prescribed by §§

103.5a(a)(2) and 103.5a(c)(2) of this chapter. The Notice of Intent shall set forth
the preliminary determinations and inform the alien of the Service's intent to
issue a Form I-851A, Final Administrative Removal Order, without a hearing
before an immigration judge.
8 CFR s 238.1

in order that the alien has an opportunity to apply for judicial review under 8 U.S.C. § 1252. § 1228(b)(3). Clearly the expedited statutory deportation scheme comports with the minimum requirements of due process pronounced by the Supreme Court in *Kwong Hai Chew*. Thus, if INS complied with the statutory mechanism when deporting Ruiz on October 10, 2002, such deportation complies with the standards of due process. *Benitez-Villafuerte*, 186 F.3d 657–58.

    2.  <u>Factual Basis of Claim & Argument</u>

Ruiz claims that he was coerced into waiving his right to a deportation hearing. Actually, due to his aggravated felony, Ruiz was not entitled to a deportation hearing. He was only entitled to judicial review of his expedited removal. Ruiz was given notice of this right. See Attachments C & D (Notice and Administrative Removal Order). Ruiz admitted at his rearraignment that he could read and write English (Rearraignment p. 64). In order to obtain judicial review of his expedited removal, Ruiz was required to file a petition for review within 14 calendar days of the issuance of the order of removal. Ruiz does not suggest he filed the necessary petition.

Under 5th Circuit precedent, it is clear to that the administrative deportation procedures of § 1228 afforded Ruiz the unimpeded opportunity to claim all the procedural due process to which he was constitutionally entitled. *Benitez-Villafuerte*, 186 F.3d 656–59.

The record is clear that irrespective whether the alleged errors in the § 1228 proceeding occurred, Ruiz would have been deported from the United States. It is indisputable that Ruiz was convicted of a felony drug trafficking offense, an aggravated felony under § 1101(a)(43), and, therefore, he was "conclusively presumed to be deportable from the United States" under § 1228(c). See also § 1227(a)(2)(A)(iii) ("any alien who is convicted of an aggravated felony at any time after admission is deportable"). Moreover, as an alien convicted of an aggravated felony, Ruiz was also ineligible for any discretionary relief from removal. § 1228(b)(5) ("no alien described in this section shall be eligible for any relief from removal that the Attorney General may grant in [her] discretion"). Consequently, in the light of the incontestable evidence against him, Ruiz' deportation was a foregone conclusion. See *United States v. Perez-Ponce*, 62 F.3d 1120, 1122 (8th Cir. 1995) (noting that absent a showing of prejudice, an alien convicted of an aggravated felony under § 1101(a)(43) "would have no chance of winning an appeal" of deportation order); *United States v. Espinoza-Farlo*, 34 F.3d 469, 471-72 (7th Cir. 1994) (noting same). Thus, because he can show no prejudice resulting from any deficiencies in the § 1288 proceeding, Ruiz cannot successfully collaterally attack his deportation. *Benitez-Villafuerte*, 186 F.3d 656-59.

Should the court find Ruiz has satisfied the 'cause and prejudice' hurdle as to this issue, and reaches the substance of this claim, Ruiz fails to demonstrate a violation of constitutional dimension.

22

VIII.

ANECDOTAL CLAIMS

Ruiz recasts a number of the above grounds as incidents of ineffective assistance. These claims are without factual or legal basis.

1.    Counsel Assured Ruiz of a Three year Sentence

Contrary to Ruiz' factual assertions, the record conclusively rebuts this claim. *See infra* pp. 11-12.

2.    Counsel Failed to Defend the Case on Scienter Grounds

As detailed in Counsel's affidavit (Attachment A), contrary to his instant claim, Ruiz never suggested he had received an inadequate warning not to re-enter the United States from I.N.S. agents. As detailed above an inadequate warning not to commit a crime is not a recognized lawful defense to §1326. *See infra* p. 13-14.

3.    Counsel Failed to Challenge the Constitutionality of Ruiz' Deportation

As demonstrated in detail above, there was no factual basis for counsel to mount a constitutional attack upon Ruiz' deportation. *See infra* pp. 20-21

As to the above three allegations, Ruiz thus fails to demonstrate that counsel's performance was objectively unreasonable or that Ruiz was prejudiced by counsel's performance. Ruiz fails to demonstrate a reasonable probability that

but for his counsel's "unreasonable failure", he would have prevailed in the district court.

IX.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Ruiz' §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

_____

Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the Government's Answer, Motion for Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for Summary Judgment was mailed via Certified Mail, Return-Receipt Requested to Rene Ruiz-Ruiz, Reg. No. 23146-079, RCDC II, P.O. Box 1560, Pecos, Texas 79772, on this the _16th_ day of September, 2004.

MARK M. DOWD
Assistant U.S. Attorney

STATE OF TEXAS                    §

COUNTY OF CAMERON          §

### AFFIDAVIT

Before me the undersigned authority, personally appeared Hector A. Casas, a person well known to me, and upon his oath, stated and deposed as follows:

1.    "I am Hector A. Casas; I am 43 years of age. I have never been charged nor convicted of any crime. I am fully competent to execute this affidavit. The facts stated herein are with in my personal knowledge and are true and correct to the best of my ability as the attorney for Rene Ruiz-Ruiz.

2.    "I have practiced law in the State of Texas and in this area continuously since 1986. I have never had a disciplinary complaint filed against me; and, this represents the first time a petition pursuant to 2255 has been filed against me. I have been an assistant Federal Public Defender for approximately three years. The vast majority of our cases involve illegal reentry.

3.    "In preparing this affidavit, I have relied on my independent recollection of this case, review of the defendant's file, and defendant's motion.

4.    "I represented defendant on a Title 8, Section 1326 (b) case (illegal reentry case). I knew based on the records and information I had before me that the defendant, if he proceeded to trial would, at a minimum, be facing 63 to 78 months. This was based on his 2001 felony conviction for the unlawful possession of a controlled substance (cocaine) with the intent to deliver where defendant was sentenced to 6 years in jail and served over 2 and was subsequently deported. That conviction alone would increase the defendant's base level offense by 16 levels and would cause him to be assessed 3 criminal history points. In addition, I knew he would be assessed extra points for returning within the 2 years of his deportation which placed him, at minimum, at an offense level of 24 and Criminal History Category III.

5.    "I informed him of and strongly recommended that he accept the plea offer which provided a recommendation of acceptance of responsibility plus an additional point off, but defendant adamantly refused and demanded a trial even though he confessed at the time of his arrest, Exhibit A. I even had Mr. Gomez, another attorney in our office, talk to the defendant as evidenced by the attached Exhibit B. Mr. Gomez' letter outlines the same conversations and experiences I had with the defendant.

**ATTACHMENT A**

6.    "I knew the best we could hope for was a sentencing range of 46 to 57 months.  So at no time did I even talk about 3 years.  Additionally, I never promise an exact sentence, and I did not do so on this case.  I make very clear that I am only providing an estimate or prediction of the outcome, and I always tell them, as does the Judge, that my estimate may be in error, either too high or too low.

7.    "As to Mr. Ruiz' allegation concerning the invalidity of his prior deportation, I saw no facial validity to it.  Further, since defendant was convicted of a drug trafficking offense, he could not show prejudice.  Additionally, the records, in fact, reveal that Mr. Ruiz was warned of the possible penalties upon returning and was advised of his rights to contest his deportation.

8.    "I prepared for trial, however, on the day of jury selection, defendant agreed to plead guilty in order to reduce his offense level. Unfortunately, just as I and Mr. Gomez predicted, he was only awarded two points off for acceptance since he waited until the last minute to plead.

9.    "Additionally, I filed and argued objections to the Presentence Investigation Report and also filed a motion for downward departure both of which were denied; and, I also timely filed the notice of appeal.

10.    "Further, affiant sayeth, not."

HECTOR A. CASAS, Affiant
Assistant Federal Public Defender
Southern District of Texas


STATE OF TEXAS                          §

COUNTY OF CAMERON                        §


Sworn and subscribed and before me this ___16___ day of September, 2004.

Luz Elena Prukop
Notary Public for the State of Texas
My commission Expires: May 29, 2006

LUZ ELENA PRUKOP
MY COMMISSION EXPIRES
May 29, 2006

2

Form I-215B
(Rev. 9-1-72)

# UNITED STATES DEPARTMENT OF JUSTICE

### IMMIGRATION AND NATURALIZATION SERVICE

### RECORD OF SWORN STATEMENT IN AFFIDAVIT FORM

# AFFIDAVIT

**Case No:** KIN0302000537

IN RE: Rene RUIZ-Ruiz _____ FILE NO. 077 656 187

EXECUTED AT Kingsville, TX _____ DATE February 27, 2003

Before the following officer of the U.S. Immigration and Naturalization Service: HAROLD SMALLWOOD JR

in the Spanish _____ language. Interpreter HAROLD SMALLWOOD JR _____ used.

I, RENE RUIZ-RUIZ AKA: Serrano, JULIO _____ , acknowledge that the above-named officer has identified himself to me as an officer of the United States Immigration and Naturalization Service, authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States. He has informed me that he desires to take my sworn statement regarding: Illegal Re-Entry after Removal.

He has told me that my statement must be freely and voluntarily given and has advised me of these rights:
"You have the right to remain silent.
Anything you say can be used against you in court, or in any immigration or administrative proceeding.
You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.
If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish. If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer."
I am willing to make a statement without anyone else being present. I swear that I will tell the truth, the whole truth, and nothing but the truth, so help me, God.
Being duly sworn, I make the following statement:

Q. Do you wish to have a lawyer or any other person present to advise you?
A. No.
Q. Are you willing to answer my questions at this time?
A. Yes.
Q. Do you swear that all the statements you are about to make will be the truth, the whole truth and nothing but the truth, so help you God?
A. Yes.
Q. What is your true and correct name?
A. Rene Ruiz.
Q. Have you used any other names?
A. When I was in Chicago, yes. Julio Serrano.
Q. Of what country are you a citizen?
A. Mexico.
Q. What is your date and place of birth?
A. 05/18/1969, Morelia, Mich, Mexico.
Q. When did you last enter the United States?
A. About four days ago, 02/23/2003.
Q. Have you ever been ordered deported, excluded, or removed from the United States?
A. Yes, when they took me from Chicago, Illinois.
Q. How and where did you enter the United States at that time?
A. I entered illegally, near San Diago, California.
Q. After you were ordered deported, excluded, or removed, were you removed by the INS or did you leave the United States voluntarily?
A. I was removed by Immigration.
Q. Have you ever applied to the Attorney General of the United States for permission to

Exhibit "A"

R R

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuatio. .ge for Form   I-215B

| Alien's Name | File Number Case No: KIN0302000537 | Date |
|---|---|---|
| Rene RUIZ-Ruiz | 077 656 187 | February 27, 2003 |

re-enter the United States after you were deported, excluded, or removed from the United States?
A.  No.
Q.  Do you have any fear of persecution or torture should you be removed from the United States?
A.  No.
Q.  Is there anything else you would like to say at this time?
A.  No.

*R R.*

I have read (or have had read to me) the foregoing statement consisting of ____2____ pages. I affirm that the answers attributed to me herein are true and correct to the best of my knowledge and belief and that this statement is a full, true, and correct record of my questioning by the above-named officer of the Immigration and Naturalization Service. I have initialized each page of this statement (and the corrections noted on page(s) _____).

Signature of alien: _____*Rene Ruiz*_____

Subscribed and sworn to me at: Kingsville, Texas on February 27, 2003.

_____   _____
(Signature of Immigration Officer)   (Signature of Witness)

| Signature | Title |
|---|---|
| | SPA |

____2____ of ____2____ Pages

Form I-831 Continuation Page (Rev 6/12/92)

Hector –

I spent > 1½ hrs talking to Rene Ruiz-Ruiz. He's very stubborn & had all kinds of ideas & arguments as to why he should not get the sentence you & I predict... Double jeopardy, ~~no~~ sale of drugs case ≠ aggr felony, etc.

I believe I dispeled him of all these arguments & explained everything imagineable re the chrgs, poss sentence, procedures, sked'g, his rts, etc. – including going over the plea agreement, plea pocket memo.

Jeff lent a hand in talking to him as well.

He said he'd decide on/by Fri 4/30. I explained he's running out of time & could lose 1, maybe 2 levels, by waiting.

My guess is he'll plea. He seemed convinc about what I explained    Jimo
o 4/28/03

Exhibit "B"

U.S. Department of Justice
Immigration and Naturalization Service

# Warning to Alien Ordered Removed or Deported

File No: A77 656 187

Date: _____

Alien's full name: ___RENE   RUIZ-RUIZ_____

In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act (Act), you are prohibited from entering, attempting to enter, or being in the United States:

☐ For a period of 5 years from the date of your departure from the United States because you have been found deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated upon your arrival in the United States as a returning lawful permanent resident.

☐ For a period of 10 years from the date of your departure from the United States because you have been found:
　☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.
　☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated as a result of your having been present in the United States without admission or parole.
　☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.
　☐ deportable under section 237 of the Act and ordered removed from the United States in accordance with section 238 of the Act by a judge of a United States district court, or a magistrate of a United States magistrate court.

☐ For a period of 20 years from the date of your departure from the United States because, after having been previously excluded, deported, or removed from the United States, you have been found:
　☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.
　☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.
　☐ deportable under section 237 of the Act and ordered removed from the United States in proceedings under section 238 of the Act.
　☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.
　☐ to have reentered the United States illegally and have had the prior order reinstated under section 241(a)(5) of the Act.

☒ At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony.

After your removal has been effected you must request and obtain permission from the Attorney General to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or office of the Immigration and Naturalization Service. Refer to the above file number when requesting forms or information.

*Exhib*
*" C "*

---

**WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Attorney General's express consent. Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.**

_____　　　　　IDEO　　　　　CHI /BSSA
(Signature of officer serving warning)　　　　　　(Title of Officer)　　　　　(Location of INS office)

G-4　　　　　　　　　　XRene Ruiz　　　　　　　Form I-294 (Rev. 6-1-97)N

**U.S. Department of Justice**
Immigration and Naturalization Service

**Final Administrative Removal Order**

# FINAL ADMINISTRATIVE REMOVAL ORDER
## UNDER SECTION 238A(b) OF THE
## IMMIGRATION AND NATIONALITY ACT

File No: _A77 656 187_

Date: _JUNE 11, 2001_

To: RENE RUIZ-RUIZ        INMATE R01758        PRD 12/24/2002

Address: LOGAN CORRECTIONAL CENTER   RR 3  BOX 1000        LINCOLN, IL 62656
(Number, street, city state and ZIP code)

Telephone: 217 735-5411
(Area code and phone number)

## ORDER

Based upon the allegations set forth in the Notice of Intent to Issue a Final Administrative Removal Order and evidence contained in the administrative record, I, the undersigned Deciding Service Officer of the Immigration and Naturalization Service, make the following findings of fact and conclusions of law. I find that you are not a citizen or national of the United States and that you were not lawfully admitted for permanent residence. I further find that you have a final conviction of an aggravated felony as defined in section 101(a)(43) of the Act, 8 U.S.C. 1101(a)(43), and are ineligible for any relief from removal that the Attorney General may grant in an exercise of discretion. I further find that the administrative record established by clear, convincing, and unequivocal evidence that you are deportable as an alien convicted of an aggravated felony pursuant to section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii). By the power and authority vested in the Attorney General and in me as the Attorney General's delegate under the laws of the United States, I find you deportable as charged and order that you be removed from the United States to

 MEXICO                                                    or to any alternate country prescribed in section 241 of the Act.

_Dianne Eslbrook_
(Signature of Authorized INS Official)
DEPUTY/ADD/DRO
(Title of official)
CHICAGO, ILLINOIS          JUN 15 2001
(Date and office location)

Petition for review:  ☐ Waived by respondent.

☐ Reserved by respondent.

---

## Certificate of Service

I served this FINAL ADMINISTRATIVE REMOVAL ORDER upon the above named individual.

CHICAGO, ILLINOIS CERTIFIED MAIL Z 7000 1530 0002 6201 0870
(Date, time, place and manner of service)

DEPORTATION OFFICER
(Signature and title of officer)

Form I-851A (Rev. 4/1/97)N

G-3

**U.S. Department of Justice**
Immigration and Naturalization Service

**Notice of Intent To Issue a Final Administrative Removal Order**

═══════════════════════════════════════════════════════════════════

### In removal proceedings under section 238(b) of the Immigration and Nationality Act

File No: __A77 656 187__

RUIZ-Ruiz,                                     Rene
To: Inmate R01758, PRD 12/24/2002

C/O Logan Correctional Center
Address: RR 3, Box 1000  Lincoln,                              IL      62656
                                    (Number, Street, City State and ZIP code)
Telephone: N/A  217 735-5411
                (Area Code and Phone Number)

Pursuant to section 238(b) of the Immigration and Nationality Act (Act), 8 U.S.C. 1228(b), the Immigration and Naturalization Service (Service) has determined that you are amenable to expedited administrative removal proceedings. The determination is based on the following allegations:

1. You are not a citizen or national of the United States.
2. You are a native of __Mexico__ and a citizen of __Mexico__.
3. You entered the United States (at)(near) __San Ysidro, CA__ on or about __12/89__.
4. At that time, you entered __without inspection__.
5. You are not lawfully admitted for permanent residence.
6. You were, on __01/04/01__, convicted in the __Circuit__ Court of __Dupage County, IL__ for the offense of __Poss of Cont Sub w/ Intent to Deliver__ in violation of __720 ILCS 570/401(a)(2)(A)__ for which the term of imprisonment imposed was __6 years__.

**Charge:**
You are deportable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii), as amended, because you have been convicted of an aggravated felony as defined in section 101(a)(43) of the Act, 8 U.S.C. 1101(a)(43).

Based upon section 238(b) of the Act, the Service is serving upon you this NOTICE OF INTENT TO ISSUE A FINAL ADMINISTRATIVE REMOVAL ORDER ("Notice of Intent") without a hearing before an Immigration Judge.

**Your Rights and Responsibilities:**
You may be represented (at no expense to the United States government) by counsel, authorized to practice in this proceeding. If you wish legal advice and cannot afford it, you may contact legal counsel from the list of available free legal services provided to you.

You must respond to the above charges in writing to the Service address provided on the other side of this form within 10 calendar days of service of this notice (or 13 calendar days if service is by mail). The Service must RECEIVE your response within that time period.

In your response you may: request, for good cause, an extension of time; rebut the charges stated above (with supporting evidence); request an opportunity to review the government's evidence; admit deportability; designate the country to which you choose to be removed in the event that a final order of removal is issued (which designation the Service will honor only to the extent permitted under section 241 of the Act, 8 U.S.C. 1231); and/or if you fear persecution in any specific country or countries on account of race, religion, nationality, membership in a particular social group, or political opinion or, if you fear torture in any specific country or countries, you may request withholding of removal under section 241(b)(3) of the Act or withholding/deferral of removal under the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (Convention Against Torture). A grant of withholding or deferral of removal would prohibit your return to a country or countries where you would be persecuted or tortured, but would not prevent your removal to a safe country.

You may seek judicial review of any final administrative order by filing a petition for review within 14 calendar days after the date such final administrative order is issued, or you may waive such appeal by stating, in writing, your desire not to appeal.

_____          Chicago, Illinois               5/2/01   0905
(Signature and Title of Issuing Officer)          (City and State of Issuance)          (Date and Time)

Exhibit "D"

6-2                                                                        Form I-851 (Rev. 5-19-99)N

## Certificate of Service

**I served this Notice of Intent.   I have determined that the person served with this document is the individual named on the other side of this form.**

_Jenn___ _S/A_ _____   _____ _5/2/01_ _Regular Mail_
(Signature and Title of Officer)                              (Date and Manner of Service)

☐ I explained and/or served this Notice of Intent to the alien in the _____ language.
Name of Interpreter _____
Location/Employer _____

---

**I Acknowledge that I Have Received this Notice of Intent to Issue a Final Administrative Removal Order.**

_____                    _____
( Signature of Respondent)                                          (Date and Time)

☐ Alien refused to acknowledge receipt of this document.

_____                    _____
(Signature and Title of Officer)                                     (Date and Time)

---

### I Wish to Contest and/or to Request Withholding of Removal

☐ I contest my deportability because: *(Attach any supporting documentation)*

  ☐ I am a citizen or national of the United States.
  ☐ I am a lawful permanent resident of the United States.
  ☐ I was not convicted of the criminal offense described in allegation number 6 above.
  ☐ I am attaching documents in support of my rebuttal and request for further review.

☐ I request withholding or deferral of removal to _____ [Name(s) of Country or Countries]:

  ☐ Under section 241(b)(3) of the Act, because I fear persecution on account of my race, religion, nationality, membership in a particular social group, or political opinion in that country or those countries.

  ☐ Under the Convention Against Torture, because I fear torture in that country or those countries.

_____      _____      _____
(Signature of Respondent)            (Printed Name of Respondent)            (Date and Time)

---

### I Do Not Wish to Contest or Request Withholding Removal

☐ I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges and my right to file a petition for review of the Final Removal Order. I do not wish to request withholding or deferral of removal. I wish to be removed to
_____ .

☐ I also waive the 14-day period of execution of the Final Removal Order.

_____      _____      _____
(Signature of Respondent)            (Printed Name of Respondent)            (Date and Time)

_____      _____      _____
(Signature of Witness)               (Printed Name of Witness)               (Date and Time)

---

### RETURN THIS FORM TO:
**United States Department of Justice**
**Immigration and Naturalization Service**

_A 77 656 187_

Immigration & Naturalization Service
10 West Jackson Boulevard
Chicago, Illinois 60604

**ATTENTION:** _Deportation_

The Service office at the above address must **RECEIVE** your response within 10 calendar
days from the date of service of this notice (or 13 calendar days if service is by mail).

Form I-851 (Rev. 5-19-99)N

U.S. Department of Justice
Immigration and Naturalization Service

# Warning to Alien Ordered Removed or Deported

File No: A77 656 187

Date: _____

Alien's full name: RENE   RUIZ-RUIZ

In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act (Act), you are prohibited from entering, attempting to enter, or being in the United States:

☐ For a period of 5 years from the date of your departure from the United States because you have been found deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated upon your arrival in the United States as a returning lawful permanent resident.

☐ For a period of 10 years from the date of your departure from the United States because you have been found:
  ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.
  ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated as a result of your having been present in the United States without admission or parole.
  ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.
  ☐ deportable under section 237 of the Act and ordered removed from the United States in accordance with section 238 of the Act by a judge of a United States district court, or a magistrate of a United States magistrate court.

☐ For a period of 20 years from the date of your departure from the United States because, after having been previously excluded, deported, or removed from the United States, you have been found:
  ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.
  ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.
  ☐ deportable under section 237 of the Act and ordered removed from the United States in proceedings under section 238 of the Act.
  ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.
  ☐ to have reentered the United States illegally and have had the prior order reinstated under section 241(a)(5) of the Act.

☒ At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony.

After your removal has been effected you must request and obtain permission from the Attorney General to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or office of the Immigration and Naturalization Service. Refer to the above file number when requesting forms or information.

---

**WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Attorney General's express consent. Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.**

| (Signature of officer serving warning) | IDEO (Title of Officer) | CHI /BSSA (Location of INS office) |
|---|---|---|

6-4

Rene Ruiz

Form I-294 (Rev. 6-1-97)N

**ATTACHMENT B**

**U.S. Department of Justice**
Immigration and Naturalization Service

**Notice of Intent To Issue a Final Administrative Removal Order**

### In removal proceedings under section 238(b) of the Immigration and Nationality Act

File No: A77 656 187

RUIZ-Ruiz,                                                    Rene

To: Inmate R01758, PRD 12/24/2002

Address: C/O Logan Correctional Center
RR 3, Box 1000 Lincoln,                                            IL      62656

Telephone: N/A   217 735-5411

(Number, Street, City State and ZIP code)

(Area Code and Phone Number)

Pursuant to section 238(b) of the Immigration and Nationality Act (Act), 8 U.S.C. 1228(b), the Immigration and Naturalization Service (Service) has determined that you are amenable to expedited administrative removal proceedings. The determination is based on the following allegations:

1. You are not a citizen or national of the United States.
2. You are a native of  Mexico  and a citizen of  Mexico .
3. You entered the United States (at)(near)  San Ysidro, CA  on or about  12/89 .
4. At that time, you entered  without inspection .
5. You are not lawfully admitted for permanent residence.
6. You were, on  01/04/01 , convicted in the  Circuit  Court of Dupage County, Il  for the offense of  Poss of Cont Sub w/ Intent to Deliver  in violation of 720 ILCS 570/401(a)(2)(A)  for which the term of imprisonment imposed was 6 years .

**Charge:**
You are deportable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii), as amended, because you have been convicted of an aggravated felony as defined in section 101(a)(43) of the Act, 8 U.S.C. 1101(a)(43).

Based upon section 238(b) of the Act, the Service is serving upon you this NOTICE OF INTENT TO ISSUE A FINAL ADMINISTRATIVE REMOVAL ORDER ("Notice of Intent") without a hearing before an Immigration Judge.

**Your Rights and Responsibilities:**
You may be represented (at no expense to the United States government) by counsel, authorized to practice in this proceeding. If you wish legal advice and cannot afford it, you may contact legal counsel from the list of available free legal services provided to you.

You must respond to the above charges in writing to the Service address provided on the other side of this form within 10 calendar days of service of this notice (or 13 calendar days if service is by mail). The Service must RECEIVE your response within that time period.

In your response you may: request, for good cause, an extension of time; rebut the charges stated above (with supporting evidence); request an opportunity to review the government's evidence; admit deportability; designate the country to which you choose to be removed in the event that a final order of removal is issued (which designation the Service will honor only to the extent permitted under section 241 of the Act, 8 U.S.C. 1231); and/or if you fear persecution in any specific country or countries on account of race, religion, nationality, membership in a particular social group, or political opinion or, if you fear torture in any specific country or countries, you may request withholding of removal under section 241(b)(3) of the Act or withholding/deferral of removal under the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (Convention Against Torture). A grant of withholding or deferral of removal would prohibit your return to a country or countries where you would be persecuted or tortured, but would not prevent your removal to a safe country.

You may seek judicial review of any final administrative order by filing a petition for review within 14 calendar days after the date such final administrative order is issued, or you may waive such appeal by stating, in writing, your desire not to appeal.

_____
(Signature and Title of Issuing Officer)

Chicago, Illinois
(City and State of Issuance)

5/2/01   0905
(Date and Time)

G-2

Form I-851 (Rev. 5-19-99)N

**ATTACHMENT C**

## Certificate of Service

I served this Notice of Intent. I have determined that the person served ~~with this document~~ is the individual named on the other side of this form.

_____ S/A    5/2/01  Regular Mail
(Signature and Title of Officer)    (Date and Manner of Service)

☐ I explained and/or served this Notice of Intent to the alien in the _____ language.
Name of Interpreter _____
Location/Employer _____

---

**I Acknowledge that I Have Received this Notice of Intent to Issue a Final Administrative Removal Order.**

_____    _____
( Signature of Respondent)    (Date and Time)

☐ Alien refused to acknowledge receipt of this document.

_____    _____
(Signature and Title of Officer)    (Date and Time)

---

### I Wish to Contest and/or to Request Withholding of Removal

☐ I contest my deportability because: *(Attach any supporting documentation)*

  ☐ I am a citizen or national of the United States.
  ☐ I am a lawful permanent resident of the United States.
  ☐ I was not convicted of the criminal offense described in allegation number 6 above.
  ☐ I am attaching documents in support of my rebuttal and request for further review.

☐ I request withholding or deferral of removal to _____ [Name(s) of Country or Countries]:

  ☐ Under section 241(b)(3) of the Act, because I fear persecution on account of my race, religion, nationality, membership in a particular social group, or political opinion in that country or those countries.

  ☐ Under the Convention Against Torture, because I fear torture in that country or those countries.

_____    _____    _____
(Signature of Respondent)    (Printed Name of Respondent)    (Date and Time)

---

### I Do Not Wish to Contest or Request Withholding Removal

☐ I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges and my right to file a petition for review of the Final Removal Order. I do not wish to request withholding or deferral of removal. I wish to be removed to _____ .

☐ I also waive the 14-day period of execution of the Final Removal Order.

_____    _____    _____
(Signature of Respondent)    (Printed Name of Respondent)    (Date and Time)

_____    _____    _____
(Signature of Witness)    (Printed Name of Witness)    (Date and Time)

---

**RETURN THIS FORM TO:**
**United States Department of Justice**
**Immigration and Naturalization Service**    A 77 65 6 187

Immigration & Naturalization Service
10 West Jackson Boulevard
Chicago, Illinois 60604

**ATTENTION:** Deportation

The Service office at the above address must **RECEIVE** your response within 10 calendar
days from the date of service of this notice (or 13 calendar days if service is by mail).

Form I-851 (Rev. 5-19-99)N

U.S. Department of Justice
Immigration and Naturalization Service

# Final Administrative Removal Order

## FINAL ADMINISTRATIVE REMOVAL ORDER
## UNDER SECTION 238A(b) OF THE
## IMMIGRATION AND NATIONALITY ACT

File No: A77 656 187

Date: JUNE 11, 2001

To: RENE RUIZ-RUIZ       INMATE R01758       PRD 12/24/2002

Address: LOGAN CORRECTIONAL CENTER   RR 3 BOX 1000       LINCOLN, IL 62656
(Number, street, city state and ZIP code)

Telephone: 217 735-5411
(Area code and phone number)

### ORDER

Based upon the allegations set forth in the Notice of Intent to Issue a Final Administrative Removal Order and evidence contained in the administrative record, I, the undersigned Deciding Service Officer of the Immigration and Naturalization Service, make the following findings of fact and conclusions of law. I find that you are not a citizen or national of the United States and that you were not lawfully admitted for permanent residence. I further find that you have a final conviction of an aggravated felony as defined in section 101(a)(43) of the Act, 8 U.S.C. 1101(a)(43), and are ineligible for any relief from removal that the Attorney General may grant in an exercise of discretion. I further find that the administrative record established by clear, convincing, and unequivocal evidence that you are deportable as an alien convicted of an aggravated felony pursuant to section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii). By the power and authority vested in the Attorney General and in me as the Attorney General's delegate under the laws of the United States, I find you deportable as charged and order that you be removed from the United States to

MEXICO _____       or to any alternate country prescribed in section 241 of the Act.

_____
(Signature of Authorized INS Official)
DEPUTY/ADD/DRO
(Title of official)
CHICAGO, ILLINOIS                JUN 15 2001
(Date and office location)

Petition for review:   ☐ Waived by respondent.
                       ☐ Reserved by respondent.

---

### Certificate of Service

I served this FINAL ADMINISTRATIVE REMOVAL ORDER upon the above named individual.

CHICAGO, ILLINOIS CERTIFIED MAIL Z 7000 1530 0002 6201 0870
(Date, time, place and manner of service)

_____ DEPORTATION OFFICER
(Signature and title of officer)

Form I-851A (Rev. 4/1/97)N

G-3

**ATTACHMENT D**