# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

**MICHAEL N. MILBY**
CLERK OF COURT
P O Box 61010
HOUSTON, TEXAS 77208



United States Courts
Southern District of Texas
FILED

OCT 1 8 2004

Michael N. Milby, Clerk



Rene Ruiz-Ruiz
P.O. BOX 1560
Pecos TX 79772

---

Case: 1:04-cv-00094   Instrument: 6   (9 pages)
Date: Oct 5, 2004
Control: 04104066
Notice: The attached order has been entered.

---

## AUTHORIZATION TO SEND NOTICES
## BY FACSIMILE

In all cases where I appear as an attorney, the Clerk of the United States District Court for the Southern District of Texas may send me notices by facsimile transmission rather than mail. See Fed.R.Civ.P. 77, Fed.R.Crim.P. 49, Fed.R.Bankr.P. 9022,9036. For questions, please call (713) 250-5768.

This telephone line is dedicated for facsimile transmission:

Fax: ( _____ ) _____

Name: _____

State Bar Number: _____

Signature: _____

**Complete ONLY information that is different from the address label:**

Firm: _____

Suite: _____

Street or P.O. Box: _____

City, State & Zip: _____

Business Telephone: ( _____ ) _____

**Mail to:**   Attorney Admissions
United States District Clerk
P.O. Box 61010
Houston, TX 77208

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RENE RUIZ-RUIZ, § | | |
| Petitioner § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. B-04-094 |
| § | | |
| UNITED STATES OF AMERICA § | | |
| Respondent. § | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Rene Ruiz-Ruiz (hereinafter "Ruiz-Ruiz") has filed a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C §2255. (Docket No. 1). The government has filed an Answer to Plaintiff's Complaint (Docket No. 4), along with a Motion to Dismiss. (Docket No. 5). Upon consideration of the §2255 Motion, the Magistrate Judge recommends to the District Judge that the Government's Motion be **GRANTED**, and Ruiz-Ruiz's §2255 Motion to Vacate, Set Aside, or Correct a Sentence be **DENIED**.

### BACKGROUND

On May 19, 2003, Ruiz-Ruiz was charged by indictment in the Southern District of Texas, Brownsville Division, with illegal re-entry into the United States in violation of 8 U.S.C §1326(a) and (b)(2).[1] He pleaded guilty on May 19, 2003 and the district court sentenced Ruiz-

---

[1] The relevant portions of 8 U.S.C §1326 provides as follows:
(a) [S]ubject to subsection (b) of this section, any alien who-
    (1) has been...deported...and thereafter
    (2) enters...the United States [without the consent of the Attorney General or the legal equivalent], shall be fined under Title 18, or imprisoned not more than 2 years, or both.

(b)[N]othwithstanding subsection (a) of this section, in the case of any alien described in such subsection...

1

Ruiz on August 5, 2003, to 51 months imprisonment, followed by 3 years of supervised release. judgment of conviction and sentence was entered on August 13, 2003. Thereafter, Ruiz-Ruiz tim filed a notice of direct appeal and appealed on *Apprendi* grounds. *Apprendi v. New Jersey*, 530 U. 466 (2000). On May 13, 2004, the Fifth Circuit Court of Appeals affirmed his conviction a sentence. *United States v. Ruiz-Ruiz*, No. 03-41150. In the present §2255 motion, timely filed c June 8, 2004, Ruiz-Ruiz claims he received ineffective assistance of counsel, and that his du process rights were violated.

## SCOPE OF RELIEF AVAILABLE UNDER §2255

Following a conviction and exhaustion or waiver of the right to direct appeal, it is presumed that a defendant stands fairly and finally convicted. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). Consequently, to obtain collateral relief, a prisoner must clear a significantly higher hurdle than that which exists on direct appeal. *See United States v. Frady*, 456 U.S. 152, 165-68 (1982). Errors of law that may justify reversal on direct appeal will not necessarily support a collateral attack under §2255. *Frady*, 456 U.S. at 165. Review of convictions under §2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *Id.* A defendant must show cause for the failure to raise the error and actual prejudice resulting from the asserted error. *Id.* at 167-68. Other types of error may not be raised under §2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice.

---

(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined[,] imprisoned not more than 20 years, or both[.]

2

*United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992).

Ruiz-Ruiz has not shown cause for failing to raise this claim on appeal nor prejud resulting from this claimed error. Consequently, Ruiz-Ruiz is procedurally barred from presenti his claim of ineffective assistance of counsel on collateral review. *See United States v. Cervante* 132 F.3d 1106, 1109 (5th Cir. 1998) (holding that issues may not be raised for the first time o collateral review without a showing of cause and prejudice). Moreover, he has not alleged an constitutional error that would result in a complete miscarriage of justice. *See e.g., Bousley v. United States*, 523 U.S. 614, 626 (1998) (a complete miscarriage of justice arises if the defendant is actually innocent of the crime for which he was convicted); *United States v. Sorrells*, 145 F.3d 744, 749 n.3 (5th Cir. 1998) (the "actually innocent" standard is the same as the "fundamental miscarriage of justice" standard).

## RUIZ-RUIZ'S §2255 MOTION

Ruiz-Ruiz claims he is entitled to §2255 relief on two grounds. First, he argues that his counsel, Public Defender Hector Casas, rendered ineffective assistance by wrongfully inducing him to plead guilty with misrepresentations regarding the sentence he would receive. Specifically, he contends that counsel promised him a three year sentence as opposed to the 51 months he received and but for counsel's coercion, he would not have pleaded guilty. His second contention is that his due process rights were violated because he originally was deported without a hearing before an Immigration Judge, and he was not warned not to reenter the United States.

### 1. RUIZ-RUIZ'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

To establish an ineffective assistance of counsel claim, Ruiz-Ruiz must allege and prove that his counsel's performance was deficient, and that he was prejudiced by the deficiency. *Strickland*

3

*v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it is objectiv unreasonable. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Moreover, in order establish prejudice, Ruiz-Ruiz must show that there is at least a reasonable probability that but f counsel's ineffective performance, the result of the proceeding would have been differer *Strickland*, 466 U.S. at 687; *Neal v. Puckett*, 286 F.3d 230 (5th Cir. 2002). When assessing a attorney's deficient performance, the court "must indulge a strong presumption that counsel': conduct falls within the wide range of reasonable professional assistance." *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001)(quoting *Strickland*, 466 U.S. at 689).

### a.) Involuntary Guilty Plea Claim

Ruiz-Ruiz alleges that but for counsel stating that Ruiz-Ruiz would receive three years instead of the 51 months he received, he would not have pleaded guilty. "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). To be knowing and intelligent, the defendant must have a "full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 2144 (1969). Also, a defendant ordinarily will not be heard to refute his testimony given at a plea hearing while under oath. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "The burden of proof therefore rests on the defendant to show that habeas corpus relief is warranted. *Williford v. Estelle*, 672 F.2d 552, 553 (5th Cir. 1982). In the present case, Ruiz-Ruiz has failed to satisfy his burden of proving an involuntary guilty plea.

There is no indication in the record that Ruiz-Ruiz would not have pleaded guilty but for his counsel's ineffectiveness. *Strickland*, 466 U.S. 668, 688-92 (1984). Ruiz-Ruiz's claims are belied by the facts. A review of the rearraignment transcript dated May 19, 2003, reveals that a jury had

4

been selected and the case was ready to go to trial. From the colloquy between the court, cou~~ for the government and Ruiz-Ruiz's counsel, it is clear that Ruiz-Ruiz was laboring under seve misconceptions about his case. For example, his lawyer told the court that Ruiz-Ruiz believed th~ the use of his prior state drug conviction constituted double jeopardy. (Rearraingment transcript p 55-56). The trial judge spent considerable time explaining the sentencing system to Ruiz-Rui~ (Rearraignment transcript pp. 58-60). Ruiz-Ruiz agreed to plead guilty to 8 U.S.C. §1326(a) an~ (b)(2), illegal reentry after deportation. During the Fed. R. Crim. P. 11 colloquy (Rearraingment transcript pp. 63-74), Ruiz-Ruiz denied that he had been coerced into pleading guilty; denied that any promises had been made to him to get him to plead guilty; stated that he was satisfied with his lawyer; said that he understood the punishment range applicable to the offense; and said he understood that the guideline range for his sentence could not be predicted.

It is obvious that Ruiz-Ruiz was unhappy that his prior drug conviction in Illinois was coming back to haunt him in Brownsville. It is also obvious that he understood exactly what was transpiring. These §2255 claims are not credible.

## 2. RUIZ-RUIZ'S DUE PROCESS VIOLATION CLAIM

Ruiz-Ruiz's remaining claim is that his due process rights were violated because he was not afforded a hearing before an Immigration Judge, prior to his deportation. He further alleges that he was not warned by government agents not to reenter the United States. The Supreme Court in *United States v. Mendoza-Lopez*, 481 U.S. 828, 839 (1987), held that in certain circumstances, an alien being prosecuted under §1326 can challenge an underlying deportation order.[2] The Fifth

---

[2] In 1996, Congress codified *Mendoza-Lopez* in 8 U.S.C. § 1326(d) which provides:
In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) of this section unless he

5

Circuit, interpreting *Mendoza-Lopez*, has formulated a three part test which states: The alien m establish that (1) the prior hearing was "fundamentally unfair"; (2) the hearing effectively eliminat the right to judicial review; and (3) the procedural deficiencies caused the alien actual prejudic *United States v. Lopez-Vasquez*, 227 F.3d 476, 483 (5th Cir. 2000). If an alien fails to establish on prong of the three part test, the court need not consider the others. *U.S. v. Encarnacion-Galvez*, 96- F.2d 402, 406 (5th Cir. 1992).

### a.) <u>No Hearing Before an Immigration Judge Claim</u>

The Fifth Circuit has held that to collaterally attack a deportation proceeding under §1326, the alien must show that the procedural defects caused actual prejudice, which requires a showing of a "reasonable likelihood that but for the errors complained of the defendant would not have been deported." *United States v. Benitez-Villafuerte*, 186 F.3d 651, 656-58 (5th Cir. 1999). "In short, '[i]f the defendant was legally deportable and, despite the INS's errors, the proceeding 'could not have yielded a different result, 'the deportation is valid for purposes of §1326." *Id.* at 658. (citing *United States v. Galicia-Gonzalez*, 997 F.2d 602, 603 (9th Cir. 1993). Ruiz-Ruiz has failed to establish that he was "actually prejudiced". Ruiz-Ruiz makes no showing of a reasonable likelihood that he would have been allowed to remain in the United States.

Under 8 U.S.C. §1227(a) of the Immigration and Nationality Act (hereinafter "INA"), aliens are subject to deportation or removal based on the commission of an "aggravated felony." Ruiz-Ruiz

---

demonstrates that--
    (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
    (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review, and
    (3) the entry of the order was fundamentally unfair.

6

was deported pursuant to 8 U.S.C §1227(a)(2)(A)(iii).[3] Since he was previously convicted o felony drug trafficking offense, an aggravated felony under §1101(a)(43), Ruiz-Ruiz presumptively deportable and is ineligible for any discretionary relief from removal. §1228(b)(5)(c) Ruiz-Ruiz was deportable since he had no legal status in the United States, and had not presente any evidence that he could possibly have avoided deportation. Even if Ruiz-Ruiz were afforded a hearing before an Immigration Judge, it is very unlikely that he could have remained in the United States. *U.S. v. Proa-Tovar*, 975 F.2d 592, 595 (9th Cir. 1991) (holding that alien would have been deported anyways. "The lack of a direct appeal only resulted in his leaving at a somewhat earlier time." ). Moreover, Ruiz-Ruiz has not argued that he suffered any actual prejudice.

In addition, Ruiz-Ruiz was provided with a "Notice of Intent to Issue a Final Administrative Removal Order." (Exhibit D). This Warning provided notice adequate to satisfy the requirements of due process. Generally, the right to due process includes the right to a hearing before an immigration judge prior to deportation. *Nose v. Attorney General of the United States*, 993 F.2d 75, 78 (5th Cir. 1993). Nevertheless, due process rights, including the right to a hearing, may effectively be waived. *Boddie v. Connecticut*, 401 U.S. 371, 378-79 (1971) (holding "the hearing required by due process is subject to waiver"). Such is the case here. Ruiz-Ruiz signed a waiver of a deportation hearing. There is no evidence in the record that Ruiz-Ruiz's waiver was anything other than knowing and voluntary. Accordingly, Ruiz-Ruiz's due process violation claim based on denial of

---

[3] 8 U.S.C §1227(a)(2)(A)(iii) provides:
  "Any alien who is convicted of an aggravated felony at any time after admission is deportable".

[4] 8 U.S.C 1228(b)(5)(c): Removal of aliens who are not permanent residents:
  "No alien described in this section shall be eligible for any relief from removal that the Attorney General may grant in [her]discretion".
  An alien convicted of an aggravated felony shall be conclusively presumed to be deportable from the United States.

7

a deportation hearing should be dismissed.

### b.) No Warning Not to Reenter the United States Claim

Ruiz-Ruiz claims his due process rights were violated because he was not warned not t reenter the United States. Due process requires "only that an alien be provided notice of the charges against him, a hearing before an executive or administrative tribunal, and a fair opportunity to be heard. *Benitez-Villafuerte,* 186 F.3d at 657. Ruiz-Ruiz was put on notice of the penalties for illegal reentry after deportation.

Before he was deported, he was furnished a "Warning to Alien Ordered Removed or Deported" advising him that if he reentered without permission, he would commit a felony punishable for a period of 2 to 20 years confinement. (Exhibit C). The warning was in bold letters, right above his signature, which described 8 U.S.C §1326 and the penalties associated with its violation. (Exhibit C).[5] Ruiz-Ruiz's due process violation claim based on a lack of a warning is meritless.

### RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the District Court **DENY** Ruiz-Ruiz's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. §2255. It is further **RECOMMENDED** that this case be **DISMISSED** in its entirety.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's report and recommendation within 10 days after being

---

[5] **WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Attorney General's express consent. Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.**

8

served with a copy shall bar that party, except upon grounds of plain error, from attacking on app&lt; the unobjected-to proposed factual findings and legal conclusions accepted by the district cou provided that the party has been served with notice that such consequences will result from a failuɪ to object. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 5th day of October, 2004.

　　　　　　　　　　　　　　　　　　　　　　　　John Wm. Black
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

9

CLERK
**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF TEXAS
POST OFFICE BOX 61010
HOUSTON, TEXAS 77208

OFFICIAL BUSINESS

United States Courts
Southern District of Texas
FILED

OCT 18 2004

Michael N. Milby, Clerk



RETURN TO SENDER
( ) Not at this Address
( ) Addressee Unknown
( ) Unauthorized
(X) Need Correct Inmate Name / Reg. #

RETURN TO SENDER
( ) Not at this Address
( ) Addressee Unknown
( ) Unauthorized
(X) Need Correct Inmate Name / Reg. #



REFUSED